FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 MAY -2  A II: 24

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

CYNTHIA ROSEBERRY-ANDREWS,                    *

                                                       *

     **Plaintiff,**                                           *

                                                       *        Case No.: GJH-15-1503

**v.**                                                            *

**SCHELL & KAMPETER, INC., et al.,**          *

                                                       *

     **Defendants.**                                      *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Plaintiff Cynthia Roseberry-Andrews brought this action against Schell & Kampeter,

Inc., doing business as Diamond Pet Foods, and Diamond Pet Foods, Inc. (collectively,

"Diamond"), alleging damages related to pet food product distributed by Diamond. ECF No. 6.

This Memorandum Opinion and accompanying Order address Defendants' Motion to Dismiss

(ECF No. 11) and Plaintiff's Motion to Correct Complaint (ECF No. 14). A hearing is

unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Defendants' Motion to

Dismiss is GRANTED and Plaintiff's Motion to Correct Complaint is DENIED, as moot.

## I.    BACKGROUND[1]

From April 2012 to May 2012, Diamond initiated several recalls of its pet food due to

detections of the Salmonella virus. ECF No. 6 ¶¶ 25–31. On April 7, 2012, Plaintiff purchased

---

[1] For the motion to dismiss, the well-pleaded allegations in Plaintiff's Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

one of the nine recalled dog food brands and fed the dog food to her American Kennel Club Champion dogs, Claudia and Damascus. ECF No. 6 ¶¶ 8–9. As a result of consuming Diamond's pet food, both dogs became ill and died. ECF No. 6 ¶ 10.

Barbara Marciano filed a class action against Diamond related to the recalled pet food. *Marciano v. Schell & Kampeter, Inc.*, No. 12-cv-2708, 2014 Jury Verdicts LEXIS 4625 (E.D.N.Y. May 6, 2014). Marciano sought damages, which included incidental damages for class members whose pets died. *Id.* On October 30, 2014, Judge Sandra J. Feuerstein of the United States District Court for the Eastern District of New York ("Settlement Court") accepted the settlement between Diamond and the class members ("Settlement Class") and dismissed "the Action and all Released Claims of the Class with prejudice." ECF No. 17-1 at 13.[2]

The Settlement Court determined that adequate notice had been given to the Settlement Class. ECF No. 17-1 at 11, 14 ("The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the notice Order entered on February 19, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort."). In his declaration, Kenneth Jue, a case manager for Gilardi & Co. LLC, detailed steps Gilardi & Co. LLC made to provide notice of the settlement, including telephone and email support, an informational website, and an online marketing campaign and publication notice, which generated over forty-five million "impressions" and 16,877 claims. ECF No. 11 at 43–45. The filing postmark deadline to submit a request to be excluded from the class was April 24, 2014, and the filing postmark deadline to submit an objection to the settlement was April 28, 2014. ECF No. 11 at

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

46. Plaintiff Roseberry-Andrews did not request an exclusion or object to the settlement. *See*

ECF No. 11 at 46, 61.

The Settlement Court ruled that members of the Settlement Class "fully, finally, and

forever released, relinquished, and discharged all Released Claims against the persons with

Released Claims (the 'Released Persons'), whether or not such Class Member executes and

delivers the Proof of Claim and Release." ECF No. 17-1 at 13. Additionally,

> Class Members who have not timely opted out of the Class . . . shall be
> permanently barred and enjoined from the assertion, institution, maintenance,
> prosecution, or enforcement against any Released Person, in any state or federal
> court or arbitral forum, or in the court of any foreign jurisdiction, of any and all
> Released Claims (including, without limitation, Unknown Claims), as well as any
> other claims arising out of, relating to, or in connection with, the defense,
> settlement, or resolution of the Action or the Released Claims.

> ECF No. 17-1 at 14.

The Settlement Court retained continuing exclusive jurisdiction over implementation of

this Settlement, disposition of the Settlement Fund, determining attorneys' fees, and "all Settling

Parties hereto for the purpose of construing, enforcing, and administering the Settlement

Agreement." ECF No. 17-1 at 15.

## II.   DISCUSSION

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits a defendant to present a

motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S. Ct. 1937 (2009); *see also Conn. Gen. Life Ins. Co. v. Advanced Surgery*

*Ctr. of Bethesda, LLC*, No. DKC 14-2376, 2015 U.S. Dist. LEXIS 91689, at \*13 (D. Md. July

15, 2015) ("At this stage, all well-pled allegations in a complaint must be considered as true and

all factual allegations must be construed in the light most favorable to the plaintiff."). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Courts are generally not allowed "to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). "However, there are limited circumstances in which the court may consider extrinsic documents in the context of a motion to dismiss," including "documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Courts may also consider documents subject to judicial notice, such as public court records. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007).

When a court approves and finalizes a class action settlement, "an absentee class member who receives adequate notice of an action to which his class is a party, and who fails to opt out by the deadline stated in the notice, is bound by the disposition of the action, including settlement." *Smith v. Capital One Auto Fin., Inc.*, No. JKB-11-1023, 2012 U.S. Dist. LEXIS 2476, at *6 (D. Md. Jan. 9, 2012). Here, in order to succeed on its Motion to Dismiss, Diamond must establish that: Plaintiff was a member of the Settlement Class; the Settlement Agreement precludes the claims that Plaintiff seeks to assert in this case; Plaintiff received adequate notice of the settlement; and Plaintiff did not timely opt out.[3] *Id.* at 6–7.

To determine if Plaintiff was a member of the Settlement Class, the Court must first consider the relationship between Plaintiff's claims here and the claims made against Diamond in the *Marciano* class action litigation. *Magnolia v. Conn. Gen. Life Ins. Co.*, 157 F. Supp. 2d

---

[3] Plaintiff does not contend that she timely opted out of the Settlement Class.

583, 586 (D. Md. 2001). "Inasmuch as the claims asserted here clearly relate to those involved in the class action litigation, plaintiffs are members of the settlement class in that litigation, and they have, if they received proper notice, been enjoined by the terms of the Final Order from prosecuting this lawsuit in this jurisdiction." *Id.*

Plaintiff argues that she is not a member of the *Marciano* Settlement Class because the "consumers covered in the class action were consumers purchasing pet food for their household pets. Plaintiff's dogs were not pets. The Plaintiff is a show dog business owner and breeder." ECF No. 15 at 3. The Court disagrees. The Settlement Class includes individuals "who, in addition to having purchased or used a recalled pet food product, sustained economic damages as a result of injury or death to animals from their consumption of a recalled product." ECF No. 17-1 at 11. The Settlement Class is not specific to household pets and their owners. Rather, the Settlement Class appears to incorporate any individual who purchased recalled Diamond pet food and suffered economic damages as a result of an animal being injured or dying as a result of consuming the recalled food. The facts alleged by the Plaintiff in this case are consistent with the description of the Settlement Class. *See* ECF No. 6 ¶¶ 8–10. Accordingly, this Court finds that Plaintiff was a member of the settlement class.

Plaintiff also argues that the requirements of Rule 23 have not been satisfied and that the use of "misleading and confusing terms or references" failed to properly give notice to Plaintiff. ECF No. 15 at 12. In its Order and Final Judgment, the Settlement Court retained continuing exclusive jurisdiction over implementation of the *Marciano* settlement, disposition of the settlement fund, determining attorneys' fees, and "all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement." ECF No. 17-1 at 15. In that Order, the Court also determined that the "notice provided [pursuant to the Notice Order was] the

best notice practicable under the circumstances of those proceedings . . . and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process." ECF No. 17-1 at 14. It would be inconsistent for the Settlement Court to retain jurisdiction for the purpose of "construing, enforcing, and administering the Settlement Agreement," *id.*, "but permit another court to construe what it meant in that judgment," *Magnolia*, 157 F. Supp. 2d at 587 (declining to determine whether the requirement of Rule 23 have been satisfied). *See also Hankins v. CarMax, Inc.*, No. RDB-11-03685, 2012 U.S. Dist. LEXIS 4612, at *14 (D. Md. Jan. 13, 2012) ("[W]here parties agree to submit all matters relating to an action or a settlement to a specific court, that court is given exclusive jurisdiction over those matters, in particular those concerning enforcement of the settlement."). Thus, Plaintiff has failed to state a legally viable claim.[4] Her remedy, if any, exists in the Settlement Court. *Magnolia*, 157 F. Supp. 2d at 587 ("Plaintiffs have the right to present to the [settlement court] their claim that they are not bound by the settlement reached.").

## IV.    CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' Motion to Dismiss (ECF No. 11), without prejudice to Plaintiff's right to pursue her claim before the Settlement Court. *Magnolia*, 157 F. Supp. 2d at 588. The Court DENIES, as moot, Plaintiff's Motion to Correct Complaint (ECF No. 14). A separate Order shall follow.

Dated: May 2, 2016

GEORGE J. HAZEL
United States District Judge

---

[4] Although Defendants moved to dismiss under Rule 12(b)(6), the Court additionally dismisses for lack of subject matter jurisdiction over this issue. *Magnolia*, 157 F. Supp. 2d at 588.