IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **CYNTHIA ROSEBERRY-ANDREWS,** | * | |
| Plaintiff/Appellant, | * | |
| v. | | Case No.: GJH-15-1503 |
| | * | |
| **SCHELL & KAMPETER, INC. d/b/a DIAMOND PET FOODS, AND DIAMOND PET FOODS, INC.** | | |
| | * | |
| Defendant/Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action has been remanded to this Court from the Fourth Circuit Court of Appeals for the limited purpose of resolving Plaintiff/Appellant Cynthia Roseberry-Andrews' ("Roseberry-Andrews" or "Plaintiff") Motion for Enlargement of Appeal Period, ECF No. 26. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Roseberry-Andrews's Motion for Enlargement of the Appeal Period is denied.

### I.   BACKGROUND

This case arose from a dispute regarding contaminated dog food and a resulting class action lawsuit, *Marciano v. Schell & Kampeter, Inc. d/b/a Diamond Pet Foods*, No. 12-cv-02708 (E.D.N.Y.). ECF No. 25 at 1.[1] Despite the class action lawsuit, Plaintiff brought an action in this Court, alleging that her two champion show dogs died after ingesting pet food from Defendant Diamond Pet Foods. *Id.* at 2. The Court found that "Plaintiff was a member of the settlement class" in the class action case and that "her remedy, if any, exists in the Settlement Court." ECF

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

No. 19 at 5–6. The Court's Memorandum Opinion and Order were docketed on May 2, 2016. ECF No. 19. Plaintiff filed a Notice of Appeal on July 1, 2016, nearly 60 days after the entry of judgment. ECF No. 22. On September 15, 2016, Defendant/Appellee Schell & Kampeter, Inc. d/b/a Diamond Pet Foods ("Defendant") filed an Opposition to Appellant's Motion to Extend Time for Filing Appeal and Motion to Dismiss Appeal. ECF No. 25.[2] On September 26, 2016, Plaintiff filed a Motion for Enlargement of the Appeal Period. ECF No. 26.

According to Plaintiff's Motion for Enlargement of the Appeal Period, Plaintiff is a *pro se* litigant. *See* ECF No. 26 at 6. Plaintiff states that she "lives in a rural beach town on the Western Shore of Maryland, where she receives her mail from a United States Post Office box. Mail delivery is often delayed. Therefore, Plaintiff did not receive the district court's decision in the mail until on or about 9 May 2016." ECF No. 26 ¶ 4. Plaintiff further states that she "pursued legal advice concerning the interpretation of the Rules for filing an appeal." *Id.* ¶ 5. "The Constitutional law attorney, who provided the advice to Plaintiff/Appellant inadvertently, understood that the opposing party in Plaintiff's/Appellant's matter was a Federal entity instead of a civil defendant." *Id.*[3] Plaintiff "filed her notice of appeal within 60-days" after the District Court's entry of judgment. *Id.* ¶ 6.

In addition to the incorrect legal advice Plaintiff purportedly received, Plaintiff also states that her "computer crashed, and was sent out for repair. Plaintiff/Appellant was without her computer for almost three weeks. This computer contained all of the electronic files in this matter." *Id.* ¶ 6. During this time, Plaintiff's Motion to Request Use of CM/ECF was also

---

[2] According to Defendant's "Opposition," ECF No. 25, Plaintiff alerted Defendant's counsel that a Motion for Enlargement was forthcoming, and Defendant filed his Opposition pre-emptively, before the Motion was filed. ECF No. 25 at 4.

[3] Under Fed. R. App. P. 4(a)(B), if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity, a notice of appeal may be filed within 60 days after the entry of judgment, rather than the 30 days prescribed under Fed. R. App. P. 4(a)(A).

2

pending because "the Appeals Court clerk indicated that the U.S. District Court had not forwarded the Appeals CM/ECF request to the U.S. Court of Appeals." *Id.* ¶ 7. Plaintiff was further required to "receive permission and apply for a separate account to use the U.S. Court of Appeals for the 4th Circuit CM/ECF system." *Id.* ¶ 8.

In Defendant/Appellee's Motion to Dismiss the Appeal, ECF No. 25, Defendant contends that Plaintiff's Notice of Appeal is untimely, and notes in its Opposition that "[t]he Plaintiff failed to file her Appeal within the 30 days of the Order" and "[t]here is no evidence the Plaintiff/Appellant filed for an extension of time in the required time period." ECF No. 25 at 3. In a per curiam opinion dated December 19, 2016, the Fourth Circuit Court of Appeals remanded the action back to this Court for the limited purpose of resolving Plaintiff's Motion for Enlargement of the Appeal Period. ECF No. 27. Upon review of the record and applicable rules of appellate procedure, the Court must deny Plaintiff's Motion for Enlargement of the Appeal Period.

**II.    ANALYSIS**

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Ward v. Branch Banking & Trust Co.*, No. CV ELH-13-1968, 2016 WL 4492706, at *2 (D. Md. Aug. 25, 2016) (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988)). Pursuant to Fed. R. App. P. 4(a)(1)(A), a party must file a notice of appeal as required by Fed. R. App. P. 3 within 30 days after the entry of the District Court's final judgment, unless the District Court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). Under Fed. R. App. P. 4(a)(5), the District Court may extend the time to file a notice of appeal if a party moves for an "extension of time" at a time "no later than 30 days after the time

prescribed by this Rule 4(a) expires," 4(a)(5)(A(i), and "that party shows excusable neglect or good cause." 4(a)(5)(A(ii).

Here, Plaintiff's time to file an appeal under Rule 4(a) expired on June 1, 2016. Plaintiff then had until July 1, 2016 to move for an extension of time based on excusable neglect or good cause under Rule 4(a)(5)(A)(i)–(ii). Instead, on July 1, 2016, Plaintiff filed her Notice of Appeal, ECF No. 22, but did not move for an extension of time as required by Rule 4(a)(5)(A)(i). In fact, Plaintiff did not file her Motion for Enlargement of the Appeal Period until September 26, 2016. *See* ECF No. 26. Plaintiff concedes that she received the District Court's decision on May 9, 2016. ECF No. 26 ¶ 4. "Pro se litigants and other litigants alike are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Shuler v. Prince George's Cty.*, No. PWG-13-3373, 2014 WL 5023214, at *2 (D. Md. Oct. 7, 2014) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981) (dismissing untimely appeal because "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law"). Because Plaintiff/Appellant did not file a motion for extension of time within 30 days of when her time to appeal expired, her motion is untimely.[4] The Court must thus deny her Motion for Enlargement of the Appeal Period.

---

[4] Because the Motion for Enlargement of Time is untimely, the Court does not have to address whether the reasoning for Plaintiff's delay in filing the Notice of Appeal established "excusable neglect or good cause." *See* Fed. R. App. P. 4(a)(5)(A)(i)–(ii). Nonetheless, the Court notes that the offered explanation would not constitute excusable neglect or good cause, as the reasons given do not make this an "extraordinary case[] where injustice would otherwise result." *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (explaining limited circumstances where district courts should find excusable neglect).

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff/Appellant's Motion for Enlargement of the Appeal Period, ECF No. 26, is denied. A separate Order shall issue.

Date: January 18, 2017

George J. Hazel
United States District Judge